812 P.2d 1079

The STATE of Arizona and Jane Does I, II, and III, Petitioners,

v.

The Honorable Nanette WARNER, a Judge and the Honorable Howard Hantman, a Judge Pro Tempore for the Superior Court of the State of Arizona, County of Pima, Respondents,

and

Scott Kammerer, Terry Andrew Pierce, and Ricky Lee Nelson, Real Parties in Interest.

Nos. 2 CA–SA 90–0190, 2 CA–SA 90–0187 and 2 CA–SA 90–0192.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 21, 1990.

Review Denied July 10, 1991.

**262**

Stephen D. Neely, Pima County Atty. by Catherine M. Shovlin, Tucson, for petitioner State.

Gonzales & Villarreal, P.C. by Elizabeth Peasley–Fimbres, Tucson, for petitioners Jane Does I, II, and III.

Susan A. Kettlewell, Pima County Public Defender by Richard L. Lougee, Ralph E. Ellinwood and David P. Braun, Tucson, for real parties in interest.

---

**OPINION**

LIVERMORE, Presiding Judge.

On November 6, 1990, a majority of the voters of the State of Arizona approved Proposition 104, an initiative measure to amend article 2 of the state constitution by adding § 2.1, popularly known as the Victims' Bill of Rights. The amendment was proclaimed law by the governor on November 27. As relevant to this litigation, § 2.1 provides:

> SECTION 2.1 (A) To preserve and protect victims' rights to justice and due process, a victim of crime has a right:
>
> \*   \*   \*   \*   \*   \*
>
> 5. To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

The issue presented by these consolidated special actions is the applicability of the quoted constitutional amendment to criminal cases pending on November 27, 1990. Because the issue is one of first impression, involves only questions of law and is of statewide importance to the criminal justice system, we accept jurisdiction. *See University of Arizona Health Sciences Center v. Superior Court*, 136 Ariz. 579, 667 P.2d 1294 (1983). For the reasons stated below, we grant the state's requested relief.

**FACTS AND PROCEDURE**

1. *State v. Nelson*

Nelson is charged with five counts of sexual conduct with a minor under 15. By letters dated September 25 and October 16 to the county attorney, defense counsel requested that arrangements be made for witness and victim interviews. The county attorney responded on October 30, identifying the witnesses he intended to call, including the victim,[1] and requesting counsel to notify him of "some times that you might be available to interview."

---

1. Because the real parties in interest have not been convicted of the crimes with which they have been charged, the complainants are as yet only alleged to have been victims. For ease of reference, however, and with no comment on the merits of the charges, we will refer to these individuals as victims.

On November 27, defense counsel filed a motion to compel an interview with the victim. At the hearing on the motion, counsel advised the court that he had spoken with a paralegal employed by the county attorney who was responsible for setting up interviews and who had advised him that "[t]he way she saw it was that whether [Proposition 104] passed or not was not going to affect cases that were in existence before the election." The victim did not appear at the hearing; however, the state invoked her rights under the amendment. The trial court granted the motion on the grounds that requests for interviews were made prior to the effective date of Proposition 104 and that "defense counsel relied on the fact that an interview would proceed irrespective of Proposition 104."

### 2. State v. Pierce

Pierce is charged with burglary, kidnapping and seven counts of sexual assault. Again, efforts were made to obtain interviews with the victim prior to the election on November 6, and counsel avows that he did not seek an order to compel an interview on the basis of the same paralegal's representations that she was attempting to arrange the interviews. However, on November 14, the paralegal advised counsel that the victim was invoking her right not to be interviewed under Proposition 104. The next day, counsel filed a motion to compel, and on November 20, the trial court ordered that the interview be completed by 5 p.m. on November 28.

### 3. State v. Kammerer

Kammerer is charged with kidnapping, sexual assault and public sexual indecency. Unsuccessful efforts were made to arrange an interview of the victim, and on November 20 a motion to compel was filed. The victim appeared at the November 29 hearing and invoked her right not to be interviewed. Nonetheless, the trial court granted the motion "[b]ecause major efforts were made on the part of defense counsel to set an interview and motions were filed prior to the effective date of Proposition 104."

The state sought special action relief from these three orders, and the cases were consolidated for argument before this court. The victims in all three cases have joined in the state's request for relief.

### LAW AND ANALYSIS

The state argues in essence that the rights conferred upon victims of crime by the constitutional amendment contained in Proposition 104 became effective upon the November 27 proclamation by the governor. *See* Ariz. Const. art. 4, pt. 1 § 1(5). Accordingly, the trial court had no authority to force these victims to waive their right not to be interviewed after that date.

■ The real parties in interest present several arguments in opposition. Pierce argues first that, because the order compelling the interview in his case was entered prior to the effective date of the amendment, it was a lawful and valid order with which the victim must comply. That order was, however, based on the discovery rules in effect prior to the constitutional amendment. *See generally* Ariz.R.Crim.P. 15, 17 A.R.S. Those rules have now been abrogated as respects victim interviews. The order required that the victim be interviewed by 5 p.m. on November 28. In the interim, the amendment became effective to deprive the trial court of the power to require the interview. Accordingly, although the order may have been valid when entered, the legal basis for the order was supplanted and no longer exists.

■ Pierce and Nelson contend that there is no evidence in the record that the victims have asserted a right not to be interviewed. Thus, they argue, the petition for special action in their cases is not properly before this court. We disagree. Rule 39(c)(2) of the criminal rules specifically confers upon the prosecutor standing to assert "any of the rights to which the victim is entitled by this rule or by any other provision of law." Such was done in each case. Moreover, as noted above, the victims have joined in the state's petitions before this court.

Kammerer argues that the victim in his case never declined to be interviewed prior to the effective date of the amendment and has therefore waived the right to decline. We see no logic to this argument. Prior to November 27, the victim had no constitutional right which she could waive. Moreover, nothing in either Rule 15 or the amendment prevents a victim from initially agreeing to talk but subsequently refusing to do so.

■ The real parties in interest argue that to apply the amendment to these cases would be to give it retroactive effect, contrary to A.R.S. § 1–244. No issue of retroactivity is presented here as to the victims. The victims do not seek to invoke the amendment to support a refusal to be interviewed asserted prior to the effective date of the amendment; they assert the right presently, to preclude any interview after the effective date.

■ In essence, the real parties in interest are challenging the present application of the amendment to preclude the assertion of their right to discovery under the rules of criminal procedure. Although the general rule is that legislation will have prospective application only, the rule is otherwise where the legislation is merely procedural in nature and does not affect substantive rights. *Stuart v. Insurance Co. of North America*, 152 Ariz. 78, 730 P.2d 255 (App.1986); *Allen v. Fisher*, 118 Ariz. 95, 574 P.2d 1314 (App.1978).

Uniformly, the substantive law is that part of the law which creates, defines and regulates rights; whereas the adjective, remedial or procedural law is that which prescribes the method of enforcing the right or obtaining redress for its invasion.

*State v. Birmingham*, 96 Ariz. 109, 110, 392 P.2d 775, 776 (1964). Our courts have consistently held that a criminal defendant has no vested or substantive right to a particular mode of procedure. *State v. Staatz*, 159 Ariz. 411, 768 P.2d 143 (1988); *State v. Leonard*, 151 Ariz. 1, 725 P.2d 493 (App.1986). *Staatz* involved an amendment to Rule 18.5 pertaining to the exercise of peremptory challenges to jurors. The court held:

The alternating strike rule does not create, define, or regulate a right. It simply specifies the means by which defendant's right to exercise peremptory challenges is implemented. The challenged rule is procedural, and the defendant was not deprived of any substantive right by enforcement of the amended rule.

159 Ariz. at 416, 768 P.2d at 148. In this case, the substantive right involved is the right to confront and cross-examine the witnesses against the real parties in interest, that is, the victims. The amendment does not affect that right, which can be fully exercised at trial; rather, if invoked, it deprives the real parties in interest of a method of discovery. In our view, the right to interview or depose a victim under Rule 15 is clearly procedural in nature, and the application of the amendment does not impair any substantive or vested rights of the real parties in interest.

■ Finally, the real parties in interest argue that the state's conduct in each case has denied them a due process right to be treated with fundamental fairness. They appear to contend that the state was obligated to inform defense counsel that the enactment of the amendment would affect their clients' right to interview the victims. No authority is cited for this proposition, and we find no merit to it. From all that appears in the record, the state did no more than proceed in accordance with the then-applicable rules to disclose the names of witnesses and respond to requests for interviews. It was not incumbent upon the state to ensure that interviews sought by the real parties in interest were conducted prior to the effective date of the amendment. Moreover, while the state has standing to assert a victim's rights, Ariz.R.Crim.P. 39(c)(2), 17 A.R.S., it has no authority to waive those rights. Thus, the real parties in interest had no right to rely on any representations that may have been made by employees of the county attorney's office as to the effect of the amendment on their cases.

The real parties in interest have no federal constitutional right to discovery, *Weatherford v. Bursey*, 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977), nor did such a right exist under the Arizona Constitution. Because the Arizona criminal discovery rules were unique in the United States, the effect of the 1990 amendment is to place these defendants in the same position as every other criminal defendant both here and in other jurisdictions. We fail to see how this deprives the real parties in interest of due process or the right to fundamentally fair proceedings against them.

The orders of the respondent judges are vacated, and the causes are remanded for further proceedings consistent with this opinion.

HATHAWAY and LACAGNINA, JJ., concur.