836 P.2d 393

**The STATE of Arizona, Petitioner,**

**v.**

**The Honorable William J. O'NEIL, a Judge for the Superior Court of the State of Arizona, County of Pinal, Respondent,**

**and**

**Robert JAMES, Real Party in Interest.**

**No. 2 CA–SA 91–0167.**

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 10, 1991.

Review Denied Sept. 22, 1992.

Roy A. Mendoza, Pinal County Atty. by Bradley M. Soos, Florence, for petitioner.

H. Allen Gerhardt, Pinal County Public Defender by Rickey Watson, Florence, for real party in interest.

## OPINION

FERNANDEZ, Presiding Judge.

In this special action, the State of Arizona seeks relief from the respondent trial court's order in the underlying criminal proceeding against real party in interest Robert James (defendant) requiring the

state to record all conversations with the victims and to provide defense counsel with transcripts of those conversations. Because we conclude that the trial court abused its discretion and exceeded its authority and because we find that the state has no equally plain, speedy, or adequate remedy by appeal, we accept jurisdiction and grant relief. Rules 1 and 3, Ariz.R.P.Spec.Action, 17B A.R.S.

In May 1991 the defendant was indicted on three counts of aggravated assault and two counts of criminal damage. Sometime in October, defendant's counsel requested interviews of the three victims. The state contacted two of the victims, advising them of the request and their right to refuse to be interviewed under article II, § 2.1 of the Arizona Constitution, also known as the Victims' Bill of Rights. The state subsequently advised defense counsel that the witnesses had chosen to exercise their right to refuse an interview. The third victim is apparently unavailable.

Defendant filed a motion requesting that his counsel be present at victim interviews. During a hearing on the defendant's motion, the trial court learned that the prosecutor intended to discuss the case with the victims in an informal setting. The court concluded that when the victim refuses to grant the defendant an interview, defense counsel cannot be present during an interview by the prosecutor but can obtain a transcript of the recorded interview. As a result, the court ordered the state to record all statements of the victims to the prosecutor, formal or otherwise, and to provide defense counsel with copies of the transcripts of those conversations.

This special action followed, with the state contending that the order precludes the victims from exercising their constitutional rights and constitutes an abuse of the court's discretion in discovery matters. The defendant argues that the order is within the court's discretion and that it protects his fundamental right to a fair trial. We stayed the proceedings below pending our resolution of the issues raised.

■ We conclude that the trial court abused its discretion on two grounds.

First, nothing in the criminal discovery rules authorizes the trial court to require the state to create or produce evidence, specifically statements, which it must then disclose. Although the state is required to provide the defendant with the "relevant written or recorded statements" of witnesses, Rule 15.1(a), Ariz.R.Crim.P., 17 A.R.S., that does not mean that the state is required to make a recording any time its representatives speak with a witness.

Second, to the extent that the real party in interest and the trial court are relying on Rule 15.1(e), the result is an impermissible conflict with the Victims' Bill of Rights. Subsection (e) authorizes the trial court to order disclosure of "additional material or information not otherwise covered by Rule 15.1" upon a showing of "substantial need in the preparation of his case" and inability "without undue hardship to obtain the substantial equivalent by other means...." Even assuming that the real party in interest made the requisite showing for purposes of the rule, application of the rule to require the recording and disclosure of the state's conversations with the victims runs squarely afoul of the Victims' Bill of Rights. The pertinent provisions of the constitution read as follows:

To preserve and protect victims' rights to justice and due process, a victim of crime has a right:

1. To be treated with fairness, respect, and dignity, and to be free from intimidation, harassment, or abuse, throughout the criminal justice process.

\*　\*　\*　\*　\*　\*

5. To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

6. To confer with the prosecution, after the crime against the victim has been charged, before trial or before any disposition of the case and to be informed of the disposition.

Ariz. Const. art. II, § 2.1(A).

■ To apply Rule 15.1(e) as the trial court has apparently done enables the defendant to make an end run around the

**182**

constitutional right conferred upon victims to refuse any discovery requests by, in essence, permitting him to obtain an interview of the victims through the prosecutor. The order also infringes on the victims' rights to confer with the prosecutor. Construing subsections (1) and (6) of § 2.1(A) together, as we are required to do, *Goode v. Alfred,* 171 Ariz. 94, 828 P.2d 1235 (Ct. App.1991), we infer an intent that such conferences be conducted in an atmosphere that is unconstrained, certainly not intimidating, and one that encourages a victim to speak freely. A requirement that all such communications be recorded and made available to the defendant substantially infringes on the rights conferred by subsections (1) and (6) and cannot be sustained.

In vacating the trial court's order, we violate no right of the real party in interest since it is well-established that there is neither a federal nor a state constitutional right to pretrial discovery. *Weatherford v. Bursey,* 429 U.S. 545, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977); *State v. Warner,* 168 Ariz. 261, 812 P.2d 1079 (App.1990). After *Warner,* it should be clear that the Victims' Bill of Rights abrogated a defendant's right under Rule 15 to interview or otherwise seek discovery from an unwilling victim. The constitutional provision does not, however, alter the state's continuing duty to disclose under Rule 15.6, Ariz. R.Crim.P., 17 A.R.S. Thus, to the extent that communications with the victims are recorded by the state or otherwise reveal information that is discoverable, they must be disclosed.

Because we find that the trial court abused its discretion and exceeded its authority, we vacate its order. We also vacate our stay order and remand the matter for further proceedings.

HATHAWAY and HOWARD, JJ., concur.