857 P.2d 1299

**Susan KNUTSON, a single person, Plaintiff–Appellant, Cross–Appellee,**

v.

**COUNTY OF MARICOPA, ex rel. Richard M. ROMLEY, Maricopa County Attorney, and the Office of the Maricopa County Attorney and Jose De La Vara, a former deputy thereof, Defendants–Appellees, Cross–Appellants.**

No. 1 CA–CV 90–0657.

Court of Appeals of Arizona, Division 1, Department B.

Jan. 26, 1993.

Review Denied Sept. 21, 1993.

C. Kenneth Ray II, P.C., Phoenix, for plaintiff–appellant, cross–appellee.

Richard M. Romley, Maricopa County Atty. by Brian Ross Hauser, Deputy County Atty. and Michael G. Sullivan, Deputy County Atty., Phoenix, for defendants–appellees, cross–appellants.

OPINION

JACOBSON, Presiding Judge.

In this appeal, we must determine whether Rule 39, Arizona Rules of Criminal Procedure, requires a prosecutor to provide a crime victim with a written notice of the date, time, and place of a change of plea hearing, to confer with the victim regarding a plea bargain and the change of plea proceeding, and to provide the victim with a cause of action for negligence for its violation. We hold that Rule 39 does not create a private cause of action for negligence and, because the alleged negligent failure to act in this case occurred before Arizona voters approved the constitutional amendment adopting the Victim's Bill of Rights, we do not reach the issue of whether the constitutional amendment provides for such cause of action. See Ariz. Const. art. 2, § 2. We also do not reach the issue raised on cross-appeal, whether the prosecutor, the Maricopa County Attorney, or the County of Maricopa is absolutely immune from suit under these facts.

On review of the trial court's granting a motion to dismiss, this court assumes that the facts alleged in the complaint are true. *Newman v. Maricopa County*, 167 Ariz. 501, 503, 808 P.2d 1253, 1255 (App.1991). The complaint in this case alleged that a deputy prosecutor, the Maricopa County Attorney, and Maricopa County (appellees) failed to comply with their duties pursuant to Rule 39, Arizona Rules of Criminal Procedure, in that they failed to provide written notice to the plaintiff, a crime victim, of the date, time, and place of a change of plea hearing held on March 28, 1990, and failed to confer with her regarding the plea bargain and the change of plea proceeding. The complaint further alleged that at the change of plea hearing, the deputy county attorney informed the trial judge that he had told the victim both about the plea bargain and the change of plea proceeding. The victim stated that the prosecutor's failures deprived her of the opportunity to participate in the proceedings, which resulted in her suffering severe emotional distress and "hedonistic damages," and that she will incur future damages. Appellees

moved to dismiss the complaint on the grounds that they were immune from suit for these alleged actions, and that the complaint did not state a claim.

The trial court ruled that prosecutorial immunity did not apply to administrative actions such as notifying or conferring with victims regarding pending criminal proceedings as required by Rule 39, but that prosecutorial immunity did bar a suit against the prosecutor for court actions, such as misinforming the court about compliance with Rule 39. The court dismissed the complaint, however, on the ground that a victim has no private cause of action in negligence for a prosecutor's failure to provide a victim with her rights under Rule 39.

We agree. The parties concede that prior to the Arizona Supreme Court's adoption of Rule 39, a prosecutor had no obligation or duty to notify a crime victim of the status of ongoing criminal proceedings, or to confer with the victim regarding a pending plea agreement or change of plea proceeding. Absent such a duty, obviously a victim had no cause of action against a prosecutor or a governmental body for a prosecutor's failure to notify the victim of the existence or terms of ongoing plea negotiations. By its terms, Rule 39 imposes such affirmative responsibilities on a prosecutor. Rule 39(c)(1). The victim argues that now that a duty has been created, a cause of action in negligence has likewise been created.

■ Under Arizona law, the Arizona Supreme Court has the power to adopt procedural rules, but, pursuant to statute, these "rules shall not abridge, enlarge or modify substantive rights of a litigant." A.R.S. § 12–109(A). See *Jenkins v. First Baptist Church*, 166 Ariz. 243, 246, 801 P.2d 478, 481 (App.1990) (court rules "cannot repeal substantive rights"). Moreover, court rules cannot create substantive rights but can only establish a method for enforcing such rights. *State v. Fletcher*, 149 Ariz. 187, 191–92, 717 P.2d 866, 870–71 (1986).

■ What the plaintiff wants this court to do is to construe the rule to create duties enforceable in a negligence action, and, in

essence, create a cause of action where none previously existed, thereby enlarging a litigant's substantive rights. This would be a clear violation of A.R.S. § 12–109(A). We hold, therefore, that although in Rule 39 the Arizona Supreme Court imposed on lawyers and judicial personnel a number of specific obligations, a victim does not state a claim in negligence for a prosecutor's failure to comply with those provisions.

While this case was pending on appeal, Arizona voters approved the Victim's Bill of Rights, which amended the Arizona Constitution to give crime victims rights similar to those recognized in Rule 39.[1] Following the adoption of the constitutional amendment, this court stayed the appeal, and the victim filed a motion for relief from judgment under Rule 60(c), Arizona Rules of Civil Procedure, arguing that the constitutional amendment had a retroactive effect and, therefore, her complaint stated a claim as a constitutional tort. The trial court denied the motion for relief from judgment, from which denial the victim appeals. This court reviews the trial court's denial of a motion for relief from judgment for an abuse of discretion. *DeGryse v. DeGryse*, 135 Ariz. 335, 336, 661 P.2d 185, 186 (1983).

At the time of the alleged failure of the prosecutor to act, March 28, 1990, the constitutional amendment had not yet been approved by the voters. The amendment was not approved until November 6, 1990, with an effective date of November 26, 1990. The victim argues, however, that recent cases have applied the provisions of the constitutional amendment retroactively, citing *State v. Warner*, 168 Ariz. 261, 812 P.2d 1079 (App.1990). We disagree. *Warner* held that the terms of the constitutional amendment applied to proceedings pending on the effective date of the constitutional amendment. Although the Victim's Bill of Rights applies to proceedings pending on the effective date of the constitutional amendment although filed prior thereto, we hold that the amendment cannot be applied retroactively to impose on a prosecutor a duty that did not exist at the time of the allegedly negligent failure to act. Because the victim had no constitutional right to be notified of the change of plea proceeding on March 28, 1990, the trial court properly concluded that a constitutional tort was not at issue.[2]

For the foregoing reasons, we affirm the trial court's dismissal of the complaint in this case.

KLEINSCHMIDT and GARBARINO, JJ., concur.

---

1. Under the Victim's Bill of Rights, a crime victim has a constitutional right:

    .　.　.　.　.

    3. To be present at and, upon request, to be informed of all criminal proceedings where the defendant has the right to be present.
    4. To be heard at any proceeding involving a post-arrest release decision, a negotiated plea, and sentencing.

    .　.　.　.　.

    6. To confer with the prosecution, after the crime against the victim has been charged, before trial or before any disposition of the case and to be informed of the disposition. Ariz. Const. art. 2, § 2.1.

2. We therefore need not determine whether a private cause of action in tort is created by the constitutional amendment. .