3 P.3d 965

**Reinhold F. ZUTHER, Plaintiff–Appellant,**

**v.**

**STATE of Arizona, Arizona Department of Corrections, Defendants–Appellees.**

**No. 1 CA–CV 98–0570.**

Court of Appeals of Arizona, Division 1, Department E.

Aug. 31, 1999.

As Amended Jan. 31, 2000.

Janet Napolitano, Attorney General by Wanda E. Hofmann, Assistant Attorney General, Tucson, for Defendants–Appellees.

Reinhold F. Zuther, Kingman, In Propria Persona.

## OPINION

NOYES, Judge.

¶ 1   Reinhold Zuther ("Appellant"), an inmate in the custody of the Arizona Department of Corrections ("ADOC"), filed a complaint alleging that Arizona Revised Statutes Annotated ("A.R.S.") section 31–228 (Supp. 1998) was improperly applied retroactively to him.   The trial court dismissed the complaint pursuant to A.R.S. section 31–201.01(L), which bars an inmate from bringing "a cause of action seeking damages or equitable relief," except in circumstances that do not apply here.   Our jurisdiction of Appellant's appeal is pursuant to A.R.S. section 12–2101(B) (1994).   We conclude that this complaint is not totally barred by section 31–201.01(L).

¶ 2   Fairly read, the complaint includes a claim for declaratory relief; it seeks a judgment declaring that certain changes in the law cannot be retroactively applied to Appellant.   A claim for declaratory relief can be either legal or equitable, depending on the nature of the controversy and the relief sought.   *See, e.g., Macy v. Oklahoma City Sch. Dist. No. 89*, 961 P.2d 804, 807 (Okla. 1998); *Freeport Motor Cas. Co. v. Tharp*, 406 Ill. 295, 94 N.E.2d 139, 142 (1950).   In this case, the claim for declaratory relief was legal rather than equitable because it asked the court to determine an issue of law, namely, the retroactivity of a statute.   Courts may declare rights, status, and other legal relations regardless of whether other types of relief are sought or could be sought.   *See Peterson v. Central Ariz. Light & Power Co.*, 56 Ariz. 231, 235, 107 P.2d 205, 207 (1940). To the extent that the complaint seeks legal relief and does not seek either damages or equitable relief, the court erred in dismissing it.   We now address the valid question of law raised by the complaint.

¶ 3   When Appellant was sentenced to prison in 1992, section 31–228 provided, as relevant here, that upon parole or discharge "not less than fifty dollars in cash ... shall be furnished to every prisoner not previously paroled or discharged from the department of corrections."   A.R.S. § 31–228 (Supp. 1992).   In other words, under the law in effect when Appellant went to prison, the State would provide fifty dollars in "gate money" when he was released.   That law changed in 1993, when the legislature amended the statute to provide that, where possi-

ble, the "gate money" was to come from the prisoner's self-funded "dedicated discharge account." *See* 1993 Ariz. Sess. Laws 242, § 1. The "dedicated discharge account" was created in another 1993 statute, which provided as follows:

> Each wage earning prisoner who is committed to the department shall deposit into a dedicated discharge account of the prisoner a percentage of wages earned by the prisoner. The percentage shall be determined by the director except that the amount deposited shall not exceed thirty per cent of all wages earned by the prisoner. The department shall continue to deposit the percentage of wages earned by the prisoner in the dedicated discharge account until the account registers a fifty dollar balance.

A.R.S. § 31-237(A) (Supp.1998).

¶ 4 Amended section 31-228 and new section 31-237 went into effect immediately, *see* 1993 Ariz. Sess. Laws 242, § 4, but the legislature did not direct prospective or retroactive application of either. The legislature did, however, amend section 31-228 one more time in 1993, and it specified that the amendment would "apply only to persons who commit a felony offense after the effective date of this act" (January 1, 1994). 1993 Ariz. Sess. Laws 255, § 99. Pursuant to section 41-1304.03 (1999), these same-session amendments (Chapters 242 and 255) became one amendment of section 31-228, an amendment that has prospective application only.

¶ 5 Although the legislature did not specify prospective application for section 31-237, statutes generally are not applied retroactively unless they are merely procedural. *See* A.R.S. § 1-244 (1995); *State v. Warner,* 168 Ariz. 261, 264, 812 P.2d 1079, 1082 (App.1990). Section 31-237 is not merely procedural; it affects an inmate's property rights and is therefore substantive. Furthermore, sections 31-237 and -228 must logically take effect together, for they are two related pieces of one legislative plan; one statute creates and funds the savings account that the other statute uses as the source of the prisoner's "gate money." *See State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970) ("If the statutes relate to the same subject ... they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law.").

¶ 6 Given the aforementioned legislative plan, we hold that the 1993 changes to sections 31-237 and -228 cannot have retroactive effect; they apply only to those persons who commit a felony after January 1, 1994. Appellant is not one of those persons.

¶ 7 The State argues that 1993 Arizona Session Laws, Chapter 255, section 101 indicates legislative intent to limit prospective application to early release programs only.[1] We do not agree with this argument. Legislative direction for prospective application of early release programs cannot be turned into legislative intention for retroactive application of "gate money" statutes, especially when the legislature directed that one of the "gate money" amendments (to 31-228) have prospective application.

¶ 8 To the extent that the complaint seeks damages and equitable relief, the judgment is affirmed. To the extent that the complaint seeks a declaration that the State cannot apply the 1993 changes in "gate money" statutes to Appellant, the judgment is reversed and remanded with directions to grant judgment to Appellant.

CONCURRING: NOEL FIDEL, Presiding Judge, and SHELDON H. WEISBERG, Judge.

---

1. 1993 Arizona Session Laws, Chapter 255, section 101, reads as follows:

> It is the intent of the legislature that the provisions of this act relating to parole, work furlough, home arrest, earned release credits and other early release programs have only prospective effect. For any person convicted for an offense committed before the effective date of this act the provisions of this act shall have no effect and such person shall be eligible for and may participate in such programs as though this act has not passed.