75 P.3d 148

**STATE of Arizona ex rel. Richard M. ROMLEY, Maricopa County Attorney, Petitioner,**

v.

**The Honorable Douglas RAYES, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Adam Flath, Real Party in Interest.**

**No. 1 CA–SA03–0152.**

Court of Appeals of Arizona, Division 1, Department E.

Sept. 2, 2003.

OPINION

PORTLEY, Judge.

¶1 Arizona voters approved Proposition 103 at the November 5, 2002, general election. Proposition 103 amended Article 2, Section 22, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") section 13–3961 (Supp.2002). The constitutional and statutory amendments added sexual assault, sexual conduct with a minor under fifteen years of age, and molestation of a child under fifteen years of age as offenses where bail can be denied when "the proof is evident or the presumption great" that the individual charged committed the offense. The amendments became effective on November 25, 2002, when the Governor proclaimed their adoption. Ariz. Const. art. 4, § 1(13). The primary question raised in this special action is whether the constitutional and statutory amendments violate the prohibition against ex post facto laws found in Article 1, Section 10, Clause 1, of the United States Constitution and Article 2, Section 25, of the Arizona Constitution. For the reasons explained herein, we accept special action jurisdiction and conclude that the amendments do not violate the ex post facto provisions of the state and federal constitutions.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶2 On April 30, 2003, a grand jury returned a supervening indictment against Adam Flath alleging, among other charges, two counts of sexual conduct with a minor (referred to as Counts 8 and 9), both class 2 felonies and dangerous crimes against children. A.R.S. §§ 13–1405(B) (2001), 13–604.01(L)(1)(e) (Supp.2002). Counts 8 and 9 allegedly occurred between May 2000 and September 2000 and involved a then thirteen-year-old female. Following the return of the indictment, the trial court, relying on Article 2, Section 22, of the Arizona Constitution and A.R.S. § 13–3961, concluded that Flath was not bailable as to Counts 8 and 9.

¶3 Nonetheless, Flath, through counsel, petitioned the trial court to set a reasonable bail and any other conditions of release the trial court deemed necessary. Citing *Gusick*

Richard M. Romley, Maricopa County Attorney By Patricia A. Nigro, Deputy County Attorney, Phoenix, for Petitioner.

Robert L. Storrs, P.C. By Robert L. Storrs, Phoenix, for Real Party in Interest.

*v. Boies,* 72 Ariz. 233, 233 P.2d 446 (1951),[1] Flath asserted he had a constitutional right to bail on Counts 8 and 9 because the underlying acts allegedly occurred prior to the November 2002 amendments. He argued that retroactive application of the 2002 amendments violated the ex post facto provisions of the federal and state constitutions. The State objected to any modification to Flath's non-bailable status.

¶ 4 After taking the matter under advisement, the trial court granted the motion and ruled "that the elimination of the right to release prior to conviction [was] punitive in nature" and that the application of the November 2002 amendments to Flath "[was] a violation of the United States and Arizona Constitutions prohibition of *Ex Post Facto* laws." The State of Arizona seeks review of the trial court's ruling.

## II. SPECIAL ACTION JURISDICTION

¶ 5 In an exercise of our discretion, we accept special action jurisdiction because the issue raised is one of first impression, a pure question of law, of statewide importance, and likely to arise again. *See, e.g., Blake v. Schwartz,* 202 Ariz. 120, 122, ¶ 7, 42 P.3d 6, 8 (App.2002). Moreover, the State does not have an equally plain, speedy, or adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a).

## III. DISCUSSION

¶ 6 After the proclamation of Proposition 103, Article 2, Section 22(A), of the Arizona Constitution was revised to read:

> All persons charged with crime shall be bailable by sufficient sureties, except for:
>
> 1. Capital offenses, sexual assault, sexual conduct with a minor under fifteen years of age or molestation of a child under fifteen years of age when the proof is evident or the presumption great.

Likewise, A.R.S. § 13–3961(A) was amended to provide that:

> A person who is in custody shall not be admitted to bail if the proof is evident or the presumption great that the person is guilty of the offense and the offense charged is either:
>
> 1. A capital offense.
> 2. Sexual assault.
> 3. Sexual conduct with a minor who is under fifteen years of age.
> 4. Molestation of a child who is under fifteen years of age.

Since the trial court ruled that the amendments violated Flath's rights under the eighth amendment and violated the ex post facto prohibitions of both the state and federal constitutions, we review the court's ruling de novo. *See, e.g., Herman v. City of Tucson,* 197 Ariz. 430, 432, ¶ 5, 4 P.3d 973, 975 (App.1999) (issues of statutory interpretation and constitutionality are reviewed de novo).

## A. EIGHTH AMENDMENT

¶ 7 The eighth amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII; *see also* Ariz. Const. art. 2, § 15 (affording analogous protection). Flath argues that bail is a substantive right, and that the constitutional and statutory amendments violate his right to bail. We disagree with both contentions.

¶ 8 Flath's first argument is based on dicta in *State v. Klein,* 147 Ariz. 77, 708 P.2d 758 (App.1985).[2] In *Klein,* this court considered whether a defendant was deprived of his right to bail as set forth under A.R.S. § 22–424. 147 Ariz. at 79, 708 P.2d at 760. Section 22–424 required the police justice (currently known as a magistrate) to prepare a master bail schedule for certain traffic violations and allowed defendants charged with the designated traffic offenses to post bail without appearing before a magistrate. *Id.* at 80, 708 P.2d at 761. The State argued that Arizona Rule of Criminal Procedure 4.1

---

1. *Gusick* dealt with a magistrate's refusal to reduce the amount of bail. *Id.* at 235, 233 P.2d at 447.

2. Superceded by statute on other grounds. *See Van Herreweghe v. Burke,* 201 Ariz. 387, 390 n. 3, ¶ 9, 36 P.3d 65, 68 n. 3 (App.2001).

required a defendant be taken before a magistrate before bail is set and precluded the application of A.R.S. § 22–424. *Id.* at 81, 708 P.2d at 762. We rejected the State's argument, and stated:

Arizona Revised Statutes § 22–424 simply creates an exception to the general procedure prescribed by Rule 4.1. If Rule 4.1 were a statute, § 22–424 would control because it is the more specific. Even if we were to find the rule and the statute to be in conflict, the statute must govern where the matter concerns a substantive right. The right to release is certainly substantive, and even more so where the purpose of release is to obtain exculpatory evidence which will disappear very quickly with the passage of time.

*Id.* (citations omitted). *Klein* did not discuss or create an unfettered substantive right to bail under the eighth amendment. Instead, *Klein* determined that A.R.S. § 22–424 allowed certain defendants to be quickly released on bail, so they could attempt to secure independent proof of their sobriety. *Id.* Thus, we reject Flath's notion that *Klein* opined that the eighth amendment created a substantive right free from limitations.

¶ 9 Our supreme court has never ruled that the eighth amendment to the United States Constitution creates an absolute right to bail. In fact, our supreme court after reviewing *Carlson v. Landon,* 342 U.S. 524, 72 S.Ct. 525, 96 L.Ed. 547 (1952), unequivocally stated "there is no federal constitutional right to bail." *Rendel v. Mummert,* 106 Ariz. 233, 235–36, 474 P.2d 824, 826–27 (1970). It has allowed reasonable limits to be placed on bail to assure the appearance of the accused. *State v. Cassius,* 110 Ariz. 485, 488, 520 P.2d 1109, 1112 (1974); *see also State v. Norcross,* 26 Ariz.App. 115, 117, 546 P.2d 840, 842 (1976). In short, there is no absolute right to bail.

¶ 10 Next, Flath argues that denying bail solely on the classification of the offense alone, without a determination of individual eligibility for release, violates the eighth amendment. He cites *Hunt v. Roth,* 648 F.2d 1148 (8th Cir.1981), *vacated as moot by Murphy v. Hunt,* 455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982), wherein the United States Court of Appeals for the Eighth Circuit held "that Nebraska's classification of sexual offenses as nonbailable violate[d] the 'excessive bail' clause of the eighth amendment to the Constitution of the United States." 648 F.2d at 1152. The "fatal flaw," according to the *Hunt* court, was that the Nebraska legislature "created an irrebuttable presumption that every individual charged with this particular offense is incapable of assuring his appearance by conditioning it upon reasonable bail or is too dangerous to be granted release." *Id.* at 1164. We find *Hunt* inapposite and reject its holding.

¶ 11 First, since *Hunt* was vacated, it has no precedential value. *See, e.g., Wetherill v. Basham,* 197 Ariz. 198, 202 n. 1, ¶ 8, 3 P.3d 1118, 1122 n. 1 (App.2000); *Stephenson v. Nastro,* 192 Ariz. 475, 480, ¶ 15, 967 P.2d 616, 621 (App.1998). Second, "the laws of other jurisdictions, while sometimes instructive, are not binding upon us." *Bunker's Glass Co. v. Pilkington PLC,* 202 Ariz. 481, 491, ¶ 40, 47 P.3d 1119, 1129 (App.2002). More importantly, the Proposition 103 amendments did not abolish bail for the enumerated offenses. A defendant still remains "bailable" as a matter of right for the newly listed offenses unless there is a judicial determination that "the proof is evident or the presumption great" that the person is guilty of the offense charged. Ariz. Const. art. 2, § 22; A.R.S. § 13–3961(A). Unlike the situation in *Hunt,* the amendments effectuated by Proposition 103 do not create an irrebuttable presumption that a person charged with a listed offense will be denied bail. *See Hunt,* 648 F.2d at 1164. Instead, the amendments require that if the State wants a defendant, like Flath, to be held without bail, it must convince the judge, at a hearing, that the opportunity for bail is limited by proving that the proof is evident or the presumption of guilt is great. *Martinez v. Superior Court,* 26 Ariz. App. 386, 387, 548 P.2d 1198, 1199 (1976). If the State demonstrates that "the proof is evident or the presumption great," a defendant charged with a listed offense must be held without bail. A.R.S. § 13–3961. If not, the defendant is otherwise entitled to be considered for bail. A.R.S. § 13–3962 (2001).

¶ 12 In addressing an eighth amendment challenge to Article 2, Section 22(A)(2), of the Arizona Constitution, this court stated:

> Whether or not one charged with a felony is to be admitted to bail, or, if bail is fixed, what amount is reasonable, are normally questions solely for the state to decide.

> The people of the State of Arizona have spoken through the Constitution by adoption of Article 2, Section 22. In doing so, it was recognized that in many of the larger cities of our country, due to the length of time it takes to get to trial and due to the fact that the offender is able to post bail, persons committing crimes are able to commit several offenses while out on bail, knowing that on each subsequent offense they will be able to raise bail and that there may be a chance, upon conviction for the first offense, to plea-bargain as to the rest of the offenses or obtain sentences to run concurrently with the sentence imposed for the first conviction. We believe that it is entirely reasonable for the people of Arizona to preclude such occurrences from happening in this state.

*State v. Garrett,* 16 Ariz.App. 427, 428–29, 493 P.2d 1232, 1233–34 (1972) (citations omitted). The same sentiment holds true in this case. On November 5, 2002, eighty percent of the voters approved Proposition 103.[3] A majority of the electorate concluded that for certain sexual offenses, when "the proof is evident or the presumption great" that the individual charged is guilty of the charged offense, the individual shall be held without bail. Inasmuch as the Proposition 103 amendments did not create an absolute bar to bail, but rather placed limits on bail, we conclude that there is no eighth amendment violation.

## B. EX POST FACTO

■ ¶ 13 The ex post facto doctrine, as delineated in Article 1, Section 10, Clause 1, of the United States Constitution and Article 2, Section 25, of the Arizona Constitution, prohibits the State from retroactively altering the definition of crimes or increasing the punishment for criminal acts. *State v. Ring,* 204 Ariz. 534, 545–46, ¶ 16, 65 P.3d 915, 926–27 (2003); *see also State v. Noble,* 171 Ariz. 171, 173 n. 4, 829 P.2d 1217, 1219 n. 4 (1992) ("[T]he analysis under both constitutions is the same[.]"). In considering whether the amendments violate the ex post facto doctrine, we must first determine whether the amendments are punitive in nature. In the absence of a clearly punitive effect or purpose, the ex post facto argument must fail. *Zuther v. State,* 199 Ariz. 104, 112, ¶ 27, 14 P.3d 295, 303 (2000). The doctrine is inapplicable "if the change effected is merely procedural, and does 'not increase the punishment nor change the ingredients of the offense or the ultimate facts necessary to establish guilt.'" *Weaver v. Graham,* 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981) (quoting *Hopt v. Utah,* 110 U.S. 574, 590, 4 S.Ct. 202, 28 L.Ed. 262 (1884)). In this case, the constitutional and statutory amendments have not modified the elements of the criminal offense or exposed Flath to a greater range of punishment. As a result, the amendments are not punitive.

■ ¶ 14 Flath contends that a procedural change that deprives an individual of a previously held substantive right or adds punishment not previously applicable is an ex post facto law violation. We disagree. "Even though it may work to the disadvantage of a defendant, a procedural change is not ex post facto." *Dobbert v. Florida,* 432 U.S. 282, 293, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). The amendments adopted as a result of Proposition 103 are purely procedural. They enlarged the offenses that are non-bailable when "the proof is evident or the presumption great" that the person charged committed the offense. There was no change in the definition of the crimes or quantum of punishment.

¶ 15 Moreover, the ex post facto principles rarely apply to issues concerning bail because bail does not attach at the time the offense is committed. Bail attaches after an

---

**3.** The official canvass indicates that 924,161 votes were cast in support of Proposition 103 and 224,709 in opposition.

arrest. *See* A.R.S. §§ 13–3961 to 3974 (Supp.2002).

¶ 16 A useful comparison is *Zuther* in which our supreme court examined statutory changes to determine the amount of "gate money" an inmate was entitled to receive upon release. 199 Ariz. at 107–09, ¶¶ 5–14, 14 P.3d at 298–300. Zuther sought to have the "gate money" statute in effect at the time he committed the crimes applied, irrespective of the amendments that had occurred during his incarceration. *Id.* at 107, ¶ 3, 14 P.3d at 298. Before concluding that the statutory changes did not violate the ex post facto provisions of the federal and state constitutions, the court stated that "[t]o hold that Zuther is perpetually entitled to the inmate policies and procedures in place at the time he committed his crime would unduly restrict" the State and the Arizona Department of Corrections. *Id.* at 111, ¶ 21, 14 P.3d at 302. Although *Zuther* concerned "gate money" upon release, we agree that an ex post facto argument fails when non-punitive procedural changes "do nothing more than assure implementation of the state's public welfare motive[.]" *Id.* at 112, ¶ 27, 14 P.3d at 303.

¶ 17 Finding no punitive purpose or effect, we conclude that the constitutional and statutory changes effectuated by Proposition 103 are not ex post facto laws.

## IV. CONCLUSION

¶ 18 For the foregoing reasons, we accept jurisdiction of this special action and grant relief by vacating the trial court's order determining that the Proposition 103 amendments are punitive and violative of the ex post facto provisions of the federal and state constitutions. A criminal defendant does not have an absolute or unequivocal right to bail. Limitations, such as those implemented as a result of Proposition 103, may be placed on the availability of bail. Retroactive application of the constitutional and statutory amendments deriving from Proposition 103 does not constitute an ex post facto law as the measures were merely procedural changes and not punitive in nature.

CONCURRING: ANN A. SCOTT TIMMER, Presiding Judge, and JOHN C. GEMMILL, Judge.