118 P.3d 1117

**STATE of Arizona, ex rel. Andrew P. THOMAS, Maricopa County Attorney, Petitioner,**

v.

**The Honorable John FOREMAN, Judge of the Superior Court of the State of Arizona, in and for the County of Maricopa, Respondent Judge,**

**Kenneth Phillips, Real Party in Interest.**

**No. 1 CA–SA 05–0001.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 1, 2005.

Review Denied March 14, 2006.

---

**154**

Andrew P. Thomas, Maricopa County Attorney by Paul J. McMurdie, Deputy County Attorney, Catherine M. Hughes, Deputy County Attorney, Phoenix, Attorneys for Petitioner.

Robert S. Briney, Maricopa County Legal Defender by Maria L. Schaffer, Deputy Legal Defender, Phoenix, Attorneys for Real Party in Interest.

## OPINION

PORTLEY, Judge.

¶ 1 The State challenges the trial court's ruling declaring that Arizona Revised Statutes ("A.R.S.") section 13–4426.01 [1] is unconstitutional under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. Because we conclude

---

1. A.R.S. § 13–4426.01 (Supp.2004) provides:

 In any proceeding in which the victim has the right to be heard pursuant to [A]rticle II, § 2.1, Constitution of Arizona, or this chapter, the victim's right to be heard is exercised not as a witness, the victim's statement is not subject to disclosure to the [S]tate or the defendant or submission to the court and the victim is not subject to cross-examination. The [S]tate and the defense shall be afforded the opportunity to explain, support or deny the victim's statement.

that it is premature to determine whether the statute violates the constitutional rights of Kenneth Phillips ("Defendant"), we accept special action jurisdiction and grant relief.

## PROCEDURAL BACKGROUND

¶ 2 Defendant was indicted for first-degree murder and sexual assault. The State filed notice that it will request the death penalty, and indicated that it may offer testimony of the victim's representative [2] during any sentencing aggravation and penalty phases.

¶ 3 Defendant unsuccessfully moved to preclude introduction of victim impact evidence at any sentencing hearing. He then requested the court to declare A.R.S. § 13–4426.01 unconstitutional. After oral argument, the trial court agreed and found that the statute conflicted with the Sixth, Eighth, and Fourteenth Amendments.

## SPECIAL ACTION JURISDICTION

■ ¶ 4 Special action jurisdiction is appropriate for a case of first impression, *see Jackson v. Schneider*, 207 Ariz. 325, 327, ¶ 5, 86 P.3d 381, 383 (App.2004), or when the party has no plain, adequate, or speedy remedy by appeal. Ariz. R.P. Spec. Act. 1(a); *Luis A. v. Bayham–Lesselyong*, 197 Ariz. 451, 453, ¶ 2, 4 P.3d 994, 996 (App.2000). Because the trial court's ruling is one of first impression, and the State does not have an equally plain, speedy, or adequate remedy by

appeal, we accept jurisdiction. *See State v. Rayes (Flath)*, 206 Ariz. 58, 60, ¶ 5, 75 P.3d 148, 150 (App.2003).

## DISCUSSION

■ ¶ 5 We independently review the trial court's determination that A.R.S. § 13–4426.01 is unconstitutional. *See State v. Hensley*, 201 Ariz. 74, 76, ¶ 6, 31 P.3d 848, 850 (App.2001).

### I.

■ ¶ 6 The plain language of the statute gives victims [3] the right to be heard at a sentencing hearing without being cross-examined by the State or the defendant. See A.R.S. § 13–4426.01. It was enacted to implement Article 2, Section 2.1, of the Arizona Constitution, which, in pertinent part, provides that a crime victim has a right "[t]o be heard at any proceeding involving a post-arrest release decision, a negotiated plea, and sentencing." [4] Ariz. Const. art. 2, § 2.1(A)(4).

¶ 7 The text of the statute does not clearly define whether the right is limited to a sentencing aggravation hearing [5] or sentencing penalty hearing.[6] However, when the statute is read with other statutes and rules, it becomes clear that A.R.S. § 13–4426.01 only applies to a trial's sentencing penalty phase. For example, pursuant to the first provision of A.R.S. § 13–703.01(R),[7] a victim's repre-

---

**2.** The State admitted that the victim's representative has been uncooperative.

**3.** "Victim" includes "the murdered person's spouse, parent, child or other lawful representative." A.R.S. § 13–703.01(S)(2) (Supp.2004).

**4.** The right is further implemented by A.R.S. § 13–4426, which states:

> A. The victim may present evidence, information and opinions that concern the criminal offense, the defendant, the sentence or the need for restitution at any aggravation, mitigation, presentencing or sentencing proceeding.
> B. At any disposition proceeding the victim has the right to be present and to address the court.

A.R.S. § 13–4426 (2001).

In 2003, the legislature conditionally repealed this section; however, the repeal will not become effective "unless on or before June 30, 2013 the Arizona Supreme Court or the [S]upreme [C]ourt of the United States rules that it is constitutional for a crime victim in a capital case to make a

sentencing recommendation." 2003 Ariz. Sess. Laws, ch. 255, § 8.

**5.** The aggravation phase of the sentencing process is an evidentiary hearing where the prosecution has the burden of proving any aggravating circumstance beyond a reasonable doubt. A.R.S. § 13–703(B) (Supp.2004).

**6.** The penalty phase of the sentencing process follows the aggravation phase. Either party may present any information relevant to a mitigating circumstance but need not comply with the rules of evidence. Afterwards, the trier of fact imposes the sentence after weighing the aggravating and mitigating circumstances. A.R.S. § 13–703(C)–(E) (Supp.2004).

**7.** The first provision provides that "[s]ubject to the provisions of § 13–703, subsection B, a victim has the right to be present at the aggravation phase and to present any information that is relevant to the proceeding." A.R.S. § 13–703.01(R) (Supp.2004).

sentative in a capital case may attend and present evidence at the sentencing aggravation phase, subject to the limitations of A.R.S. § 13–703(B);[8] namely, the rules of evidence apply and the victim's representative can be cross-examined by the defense. *State v. Asbury*, 145 Ariz. 381, 386, 701 P.2d 1189, 1194 (App.1984) ("[B]asic concepts of fairness, justice and impartiality mandate that the defendant be allowed, at an aggravation and mitigation hearing, to cross-examine the victims in order to bring out mitigating circumstances.").

¶ 8 In contrast, during the sentencing penalty phases, the other provisions of A.R.S. § 13–703.01(R) authorize the representative to attend and "present information about the murdered person and the impact of the murder on the [representative] and other family members and may submit a victim impact statement in any format to the trier of fact."

¶ 9 In addition, Arizona Rule of Criminal Procedure 19.1(d) similarly limits the victim's right to present an impact statement at the penalty phase of sentencing after the aggravation/mitigation phase is complete. The rule states, in pertinent part:

> If a jury finds one or more aggravating circumstances, the penalty proceedings shall proceed as follows:
>
> . . . .
>
> (3) The victim's survivors may make a statement relating to the characteristics of the victim and the impact of the crime on the victim's family, but may not offer any opinion regarding the appropriate sentence to be imposed.

Ariz. R.Crim. P. 19.1(d).

¶ 10 Taken together, A.R.S. §§ 13–703, 13–703.01, 13–4426.01, and Rule 19.1 currently provide that a victim's representative may present an impact statement during the sentencing penalty phase to rebut a defendant's mitigation evidence. *See State v. Glassel*, 211 Ariz. 33, 116 P.3d 1193, 1214, ¶ 82 (2005).

¶ 11 Having determined that A.R.S. § 13–4426.01 affords the victim's representative a right to present an impact statement to rebut any mitigation evidence at any sentencing penalty phase without disclosing that statement, we address whether the statute violates Defendant's constitutional rights.

**II.**

 ¶ 12 We presume statutes are constitutional and "will not declare an act of the legislature unconstitutional unless we are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions." *State v. Book–Cellar, Inc.*, 139 Ariz. 525, 528, 679 P.2d 548, 551 (App. 1984). We will uphold the constitutionality of a statute if it is capable of a constitutional interpretation. *State v. Getz*, 189 Ariz. 561, 565, 944 P.2d 503, 507 (1997).

¶ 13 The trial court found that because A.R.S. § 13–4426.01 does not require "any victim statement to the jury … be under oath, subject to cross-examination and disclosed far enough in advance of trial to allow a reasonable opportunity to the defense to prepare to cross-examine or rebut the testimony" it "conflicts with the Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States." In reaching this conclusion, the trial court relied on *Payne v. Tennessee*, 501 U.S. 808, 111 S.Ct. 2597, 115 L.Ed.2d 720 (1991).

¶ 14 In *Payne*, after the defendant had been convicted of two counts of first-degree murder and one count of assault with intent to commit murder in the first-degree, the grandmother testified during the sentencing penalty phase about the crime's impact on

This section was conditionally amended in 2003, but the amendment will not become effective "unless on or before June 30, 2013 the Arizona Supreme Court or the [S]upreme [C]ourt of the United States rules that it is constitutional for a crime victim in a capital case to make a sentencing recommendation." 2003 Ariz. Sess. Laws, ch. 255, §§ 3, 8.

**8.** Section 13–703(B) states:

At the aggravation phase of the sentencing proceeding that is held pursuant to § 13–

703.01, the admissibility of information relevant to any of the aggravating circumstances set forth in subsection F of this section shall be governed by the rules of evidence applicable to criminal trials. The burden of establishing the existence of any of the aggravating circumstances set forth in subsection F of this section is on the prosecution. The prosecution must prove the existence of the aggravating circumstances beyond a reasonable doubt.

A.R.S. § 13–703(B) (Supp.2004).

the surviving child-victim after the murders of his mother and sister. *Id.* at 814–16, 111 S.Ct. 2597. The jury sentenced the defendant to death. *Id.* at 816, 111 S.Ct. 2597.

¶ 15 On review, the United States Supreme Court, in considering the victim impact issue, stated:

> [A] State may properly conclude that for the jury to assess meaningfully the defendant's moral culpability and blameworthiness, it should have before it at the sentencing phase evidence of the specific harm caused by the defendant. "[T]he State has a legitimate interest in counteracting the mitigating evidence which the defendant is entitled to put in, by reminding the sentencer that just as the murderer should be considered as an individual, so too the victim is an individual whose death represents a unique loss to society and in particular to his family."

*Id.* at 825, 111 S.Ct. 2597 (quoting *Booth v. Maryland*, 482 U.S. 496, 517, 107 S.Ct. 2529, 96 L.Ed.2d 440 (1987) (White, J., dissenting)). Consequently, and contrary to the trial court's analysis, the Supreme Court held that "if the State chooses to permit the admission of victim impact evidence ..., the Eighth Amendment[9] erects no per se bar." *Id.* at 827, 111 S.Ct. 2597. Similarly, our supreme court has recognized that the Eighth Amendment does not bar "[s]tatements relevant to the harm caused by the defendant's criminal acts." *Lynn v. Reinstein*, 205 Ariz. 186, 191, ¶ 17, 68 P.3d 412, 417 (2003).

■ ¶ 16 The confrontation clause of the Sixth Amendment does not invalidate A.R.S. § 13–4426.01. First, there is no general constitutional right to pretrial discovery in a criminal case "and Brady[10] did not create one." *Weatherford v. Bursey*, 429 U.S. 545, 559, 97 S.Ct. 837, 51 L.Ed.2d 30 (1977) (no federal right); *State v. O'Neil*, 172 Ariz. 180, 182, 836 P.2d 393, 395 (App.1991) (no federal or Arizona right);[11] *State v. Warner*, 168 Ariz. 261, 265, 812 P.2d 1079, 1083 (App.1990) (holding no Arizona constitutional right to pretrial discovery). Even though a victim's right to refuse to disclose victim impact information "deprives [Defendant] of a method of discovery," *Warner*, 168 Ariz. at 264, 812 P.2d at 1082, Arizona "courts have consistently held that a criminal defendant has no vested or substantive right to a [particular discovery method]." *See id.* "[T]he right to interview or depose a victim under Rule 15 is clearly procedural in nature, and the application of the [victim's rights] amendment does not impair any substantive or vested rights of [Defendant]."[12] *Id.*

¶ 17 Defendant also argues that allowing victim impact evidence without advance disclosure could lead to grounds for a mistrial. We find the argument premature. A victim is already prohibited from recommending a sentence, *Lynn*, 205 Ariz. at 191, ¶ 17, 68 P.3d at 417, or presenting inflammatory or unduly prejudicial evidence, *Payne*, 501 U.S. at 825, 111 S.Ct. 2597. If the victim impact evidence is " 'so unduly prejudicial that it renders the trial fundamentally unfair, the

---

9. The Eighth Amendment provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. Amend. VIII.

10. *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

11. The *O'Neil* court further stated that "to the extent that communications with the victims are recorded by the state or otherwise reveal information that is discoverable, they must be disclosed." 172 Ariz. at 182, 836 P.2d at 395.

12. Although the victim's representative has a right to refuse to cooperate with the defense before trial, the right is not absolute. The representative cannot refuse to testify, *see State ex rel. Dean v. City Court of Tucson (Scritchfield)*, 173 Ariz. 515, 517, 844 P.2d 1165, 1167 (App.1992), or to provide exculpatory information that is

"essential" to a defense or to effective cross-examination of a trial witness. *See State ex rel. Romley v. Superior Court (Roper)*, 172 Ariz. 232, 239, 836 P.2d 445, 452 (App.1992) (holding that the defendant's due process right to access exculpatory information in the victim's control that is "essential" to establish a potential defense or prepare cross-examination supersedes the victim's right to refuse pretrial discovery request by the defendant). The plain language of A.R.S. § 13–4426.01 does not abrogate these obligations. Furthermore, our supreme court has held that the Eighth Amendment bars victims from making sentencing recommendations, but it does not prohibit victims from "tell[ing] jurors of the effect of a defendant's crime upon their lives." *Lynn*, 205 Ariz. at 191, ¶ 17, 68 P.3d at 417.

Due Process Clause of the Fourteenth Amendment provides a mechanism for relief.' " *Glassel,* 116 P.3d at 1214, ¶ 83 (quoting *Payne,* 501 U.S. at 825, 111 S.Ct. 2597).

## III.

¶ 18 We have found no case that has held that the lack of pretrial discovery of any impact statement for the sentencing penalty phase impacts a defendant's Fourteenth Amendment right to a fundamentally fair trial.[13] *Roper,* however, provides some guidance to analyze the issue.

¶ 19 In *Roper,* after the defendant made a showing that she needed her husband's psychiatric records to attempt to demonstrate that she acted in self defense, the trial court granted the motion. 172 Ariz. at 234–35, 836 P.2d at 447–48. We agreed, but ordered the trial court to first inspect the records *in camera* to determine which records were essential to the presentation of the defense of self-defense. 172 Ariz. at 235, 836 P.2d at 448. We noted that a defendant's due process and confrontation rights are protected when a defendant makes a showing that the victim or the victim's representative has information that "is both essential to the defense and [that] requires pretrial disclosure to have value to the defense," and the court inspects the information *in camera* to assess the necessity of its disclosure. *See id.* at 239–41, 836 P.2d at 452–54 (Lankford, J. concurring). This procedure balances a defendant's right to present an effective defense against the victim's right to be protected from unnecessary, out-of-court contact with a defendant. *See id.; Champlin v. Sargeant,* 192 Ariz. 371, 375, ¶ 20, 965 P.2d 763, 767 (1998).

¶ 20 Here, we need not resolve whether the Defendant's Fourteenth Amendment rights might be impaired. The Defendant did not demonstrate, aver, offer, or argue to the trial court that the victim's representative had information that was essential to an effective defense or cross-examination of any witnesses. He did not argue that the victim's representative had information that might be used at any sentencing aggravation phase. Because Defendant did not make any

showing that victim impact information existed, or that it would be necessary during the trial or in any sentencing aggravation phase, the court erred in determining that A.R.S. § 13–4426.01 was unconstitutional.

## CONCLUSION

¶ 21 We find that A.R.S. § 13–4426.01 is facially constitutional, and it is premature to evaluate the application of the statute to the facts. Accordingly, we vacate the trial court's decision declaring the statute unconstitutional and remand for proceedings consistent with this opinion.

JEFFERSON L. LANKFORD and PHILIP HALL, JJ., concur.

---

13. We need not address the Defendant's right to cross-examine the victim's representative after any impact statement is given at the sentencing penalty phase because this case only raises the issue of whether the impact statement needs to be disclosed before trial.