375 P.2d 728

STATE of Arizona ex rel. Robert W. PICK-. RELL, the Attorney General, Petitioner,

v.

George F. SENNER, Jr., as a Corporation, Commissioner of the State of. Arizona, Respondent.

No. 7684.

Supreme Court of Arizona,.

En Banc.

Nov. 7, 1962.

---

Robert W. Pickrell, Atty. Gen., and William E. Eubank, Chief Asst. Atty. Gen., for petitioner.

Thomas Chandler, Tucson, Jack C. Cavness, Phoenix, Lewis, Roca, Scoville, Beauchamp & Linton, by Paul M. Roca, Phoenix, Darnell, Holesapple, McFall & Spaid, by A. Y. Holesapple, Tucson, and Calvin H. Udall, Phoenix, for respondent.

UDALL, Vice Chief Justice.

This matter came to the Supreme Court on a petition filed by the State of Arizona ex rel. Robert W. Pickrell, the Attorney General, for a writ of quo warranto by which the petitioner asked that the office of the respondent, George F. Senner, as Arizona Corporation Commissioner, be declared vacant for violation of A.R.S. § 38-296. This statute reads:

"A. No incumbent of an elective office, whether holding by election or appointment, *shall be eligible for nomination or election* to any office other than the office so held, nor shall the nomination papers of such incumbent be accepted for filing.

&ast; &ast; &ast; &ast; &ast; &ast;

"C. This section *shall not be construed to prohibit a person whose resignation from office has become effective from qualifying as a candidate for another office* during the unexpired portion of the term affected by the resignation, nor shall it apply to any incumbent elective officer who seeks re-election to the same office or to any other public office during the final year of the term to which he has been so elected.

"D. A person violating any provision of this section is guilty of misfeasance in office and the office held by such person shall be declared vacant." (Emphasis supplied.)

The respondent was elected to his position for a term of six years beginning January 2, 1961. On July 12, 1962, before the end of that term, and without resigning his office, he filed petitions with the Secretary of State to become a candidate for the Democratic nomination for office of Representative in the United States Congress.

On the basis of the law and the facts in this matter the Attorney General now asks this Court to declare the office occupied by respondent vacant and to prevent his continued exercise of authority therein. The precise question presented by this request is whether the respondent is eligible for nomination or election as a Representative to the Congress of the United States without first vacating his office as Corporation Commissioner of Arizona.

A.R.S. § 38–296 is qualified by A.R.S. § 38–101 (Definitions) which reads:

"In this title, unless the context otherwise requires:

"1. 'Office' * * * means any office, * * * *of the state, or any political subdivision thereof,* the salary or compensation of the incumbent * * * of which is paid from a fund raised by taxation or by public revenue." (Emphasis supplied.)

We are unable to see that the context of A.R.S. § 38–296 requires a meaning of the word "office" different than that set forth in A.R.S. § 38–101. The provision is designed to regulate the election of state officers and presumes nothing more.

■ The petitioner's position, that Mr. Senner must vacate his currently held office or refrain from running for the office of Congressman is based on two alternative theories. He first argues that the statute does not create an additional "qualification" for public office; therefore, it applies to candidates for either state or federal offices.[1] In the alternative to this contention

1. A state legislature is without power to add "qualification" requirements to a federal office. Whitney v. Bolin, 85 Ariz. 44, 330 P.2d 1003; Stockton v. McFarland, 56 Ariz. 138, 106 P.2d 328; State ex rel. Johnson v. Crane, 65 Wyo. 189, 197 P.2d 864.

he says that the office of Representative to the United States Congress is a state office and thereby subject to the provisions of A. R.S. § 38–296.

■ This court found in Whitney v. Bolin, supra, that A.R.S. § 38–296 as applied to a Superior Court Judge seeking the office of Supreme Court Justice, which is a state constitutionally created office, amounted to an additional qualification to those established by the state constitution. Furthermore, subsection A of the statute says "No incumbent * * * shall be eligible for nomination or election * * *." Subsection C provides that upon resignation from the office the person shall not be prohibited "from qualifying as a candidate for another office." We find this language to be a clear and unambiguous affirmation of qualification requirements for candidates to public office. To qualify for an office other than the one held the candidate must resign from his present position. It is no less clear in meaning that a provision which says that before a man can run for an office he must attain the age of twenty-five years.

The Supreme Court of Delaware, faced with a statutory provision that no judicial officer, during his term nor within six months after its termination, may be a candidate for an elective office, found it added to the elective office to which the judicial officer had aspired a further and additional qualification to that specified in the Constitution, i. e., that such a candidate may not be a judicial officer at the time he aspires to the constitutionally created position. Buckingham v. State, 42 Del. 405, 35 A.2d 903.

■ With regard to the alternative position of the petitioner our examination of the reported cases discloses that courts have commonly held that a member of the House of Representatives of the United States is an officer of the United States and not of the state which he represents. In Harless v. Lockwood, 85 Ariz. 97, 332 P.2d 887, 888, 68 A.L.R.2d 1314. we said:

"* * * [T]here can be no doubt but that a member of Congress is not, strictly speaking, a state officer. He does not represent the state, but represents the people of the United States in the district from which he is elected. He is a United States officer."

See also La Mar v. United States, 241 U.S. 103, 36 S.Ct. 535, 60 L.Ed. 912; Ekwall v. Stadelman, 146 Or. 439, 30 P.2d 1037; State ex rel. Carroll v. Becker, 329 Mo. 501, 45 S.W.2d 533.

■ The office of Representative in the United States Congress was created and is regulated by the United States Constitution, Article I. Article I, Section 1, reads:

"All legislative Powers herein granted shall be vested in a Congress of the

United States, which shall consist of a Senate and a House of Representatives."

Article I, Section 2, Clause 2 of the United States Constitution reads:

"No Person shall be a Representative who shall not have attained the Age of twenty five Years, and been seven Years a Citizen of the United States, and who shall not, when elected, be an Inhabitant of the State in which he shall be chosen."

Section 5, Clause 1 of the same Article reads:

"Each House shall be the Judge of the Elections, Returns and Qualifications of its own Members * * *."

A.R.S. § 38–296 establishes "qualifications" affecting state officers alone. It does not reach out to qualify candidacy for the United States Congress. Therefore, Mr. Senner is not disqualified by this statute as a candidate for the office of Representative by virtue of his current position as Arizona Corporation Commissioner; and we need not declare his office vacant.

Petition denied.

BERNSTEIN, C. J., and STRUCK-MEYER, JENNINGS and LOCKWOOD, JJ., concur.