685 P.2d 111

Roy B. LAOS, Petitioner,

v.

The Hon. Jack T. ARNOLD, Judge of the Superior Court; and State of Arizona, ex rel. Robert K. Corbin, Attorney General, Real Party in Interest, Respondents.

No. 17513–PR.

Supreme Court of Arizona,
In Banc.

June 25, 1984.

Reconsideration Denied July 17, 1984.

Ruben Moses Emanuel and Hecker, Phillips & Hooker by Robert J. Hooker, Tucson, for petitioner.

Robert K. Corbin, Atty. Gen., Russell A. Kolsrud, Asst. Atty. Gen., Phoenix, for respondents.

GORDON, Vice Chief Justice:

In January, 1982, Roy B. Laos began a four-year term as a member of the Tucson City Council. In June, 1982, Laos offered himself for election to the United States House of Representatives. His congressional campaign was unsuccessful. In December, 1983, the State of Arizona, upon the relation of the attorney general, brought a petition in quo warranto alleging that Laos had violated Ariz. Const. art. 22, § 18. The state simultaneously filed a motion for summary judgment of ouster. This motion was granted on January 23, 1984. Laos filed a petition for special action in the Court of Appeals and was granted a stay of the judgment of ouster. On February 27, 1984, the Court of Appeals vacated the order of the trial court and remanded, directing the trial court to enter judgment in favor of Laos. *Laos v. Arnold,* 141 Ariz. 50, 685 P.2d 115 (1984). The state petitioned this Court to review the opinion of the Court of Appeals. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R.Civ.App.P. 23. The opinion of the Court of Appeals is approved in part and vacated in part. The trial court's judgment of ouster is affirmed.

Ariz. Const. art. 22, § 18 provides:

"Except during the final year of the term being served, no incumbent of a salaried elective office, whether holding by election or appointment, may offer himself for nomination or election to any salaried local, State or federal office."

It is uncontested that Laos did not resign his salaried elective city council office prior to initiating his congressional campaign. However, he challenges the state's attempt to remove him from office and declare his position vacant.

■ Laos raised two main arguments to the Court of Appeals. He first argued that art. 22, § 18 does not apply to officers of cities such as Tucson which have adopted charters pursuant to Ariz. Const. art. 13,

§ 2. The Court of Appeals held that art. 22, § 18 applies to all salaried elected officials in the state. We agree and approve that portion of the Court of Appeals' opinion. Secondly, Laos argued that, although art. 22, § 18 proscribes certain conduct, it does not provide any remedy for its violation nor impose an affirmative duty on an incumbent to resign prior to running for another office. The Court of Appeals held that "[i]n the absence of any remedial provision in Article 22, § 18 or any implementing legislation, we are compelled to conclude that quo warranto is not available as a remedy for a violation of this provision by an incumbent seeking federal office." *Laos, supra,* at 55, 685 P.2d at 120. Because we hold that quo warranto is the proper method to enforce art. 22, § 18, we vacate that portion of the Court of Appeals' opinion addressing this issue.

■ Article 22, § 18 was approved by a majority of the electorate in November, 1980, and became law on November 24, 1980. We agree with Laos that the constitutional provision itself does not contain an express remedy. However, constitutional provisions are to be construed liberally to carry out the purposes for which they were adopted. *Crawford v. Hunt,* 41 Ariz. 229, 17 P.2d 802 (1932). As we recently stated:

"The governing principle of constitutional construction is to ascertain and give effect to the intent and purpose of the framers of the constitutional provision and of the people who adopted it."

*McElhaney Cattle Co. v. Smith,* 132 Ariz. 286, 289, 645 P.2d 801, 804 (1982). *See also Ruth v. Industrial Commission,* 107 Ariz. 572, 490 P.2d 828 (1971); *State ex rel. Nelson v. Jordan,* 104 Ariz. 193, 450 P.2d 383 (1969). In the instant matter, we find that the intent and purpose of the framers of art. 22, § 18 and of the people who adopted it are easily determined.

■ The following is the ballot format of the proposed amendment as presented to the voters:

## BALLOT FORMAT

| | | |
|---|---|---|
| **PROPOSITION 100**<br>**PROPOSED AMENDMENT TO THE CONSTITUTION**<br>**BY THE LEGISLATURE**<br><br>**OFFICIAL TITLE**<br><br>**SENATE CONCURRENT RESOLUTION 1002**<br>A CONCURRENT RESOLUTION PROPOSING AN AMENDMENT TO THE CONSTITUTION OF ARIZONA RELATING TO NOMINATION OF INCUMBENT OF ELECTIVE OFFICE TO ANOTHER LOCAL, STATE OR FEDERAL OFFICE, AND AMENDING ARTICLE XXII, CONSTITUTION OF ARIZONA, BY ADDING SECTION 18. | | |
| **DESCRIPTIVE TITLE**<br>Amending Arizona Constitution, Article XXII, adding Section 18 requiring the holder of a salaried elective office to resign the office to run for a different salaried local, state or federal office, except during the final year of the term being served. | | |
| **PROPOSITION 100**<br>A "yes" vote shall have the effect of requiring salaried office holders to resign their position if they desire to run for a different salaried local, state or federal office except during the final year of their term. | **YES** |  |
| A "no" vote shall have the effect of not establishing a constitutional provision limiting a current salaried office holder from seeking nomination or election to another salaried local, state or federal office. | **NO** | |

The "descriptive title" of the proposed amendment clearly informed the voters that the effect of this amendment to the constitution would be to require "the holder of a salaried elective office to resign the office to run for· a different salaried local, state or federal office * * *."

We also take note of the Publicity Pamphlet published, pursuant to A.R.S. § 19–123, by the Secretary of State prior to the 1980 election. *See McElhaney Cattle Co. v. Smith, supra; American Bus Lines, Inc. v. Arizona Corporation* *Comm'n*, 129 Ariz. 595, 633 P.2d 404 (1981); *Ward v. Stevens*, 86 Ariz. 222, 344 P.2d 491 (1959). The analysis by the Legislative Counsel contained in the pamphlet informed the electorate that the "amendment would incorporate in the Constitution a new·requirement * * * making an incumbent officeholder * * * resign one office to seek certain other offices." Thus, the intent of the framers and the electorate clearly was to add a requirement that the holder of a political office resign that office prior to seeking a different one.[1]

**1.** The state cites *Joyner v. Mofford*, 706 F.2d 1523 (9th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 509, 78 L.Ed.2d 693 (1983) for the proposition that art. 22, § 18 has already been determined to require resignation from one office prior to running for a second. In *Joyner*, the Ninth Circuit upheld the constitutionality of art. 22, § 18 and, in so doing, stated:

We assume that the addition of this provision in the constitution serves some useful purpose. *State ex rel. Davis v. Osborne*, 14 Ariz. 185, 125 P. 884 (1912). To presume that the framers and the electorate amended the constitution to prohibit certain conduct but failed to provide any enforcement mechanism would negate any usefulness of the constitutional provision. Therefore, we conclude that the framers of the provision relied on existing legislation to provide enforcement.

■ We hold that A.R.S. § 12–2041, existing at the time art. 22, § 18 was adopted, provides the necessary enforcement tool to implement the constitutional provision. Section 12–2041 grants the attorney general authority to bring a quo warranto action against anyone who usurps, intrudes into, or unlawfully holds a public office in this state.[2] If an incumbent does not resign as he is required to upon offering himself for another position, he is unlawfully remaining in and holding his office. Quo warranto pursuant to § 12–2041 is the proper method to effect his removal.

We note that A.R.S. § 12–2041 need not be the sole mechanism for enforcement of art. 22, § 18. For example, in its most recent term, our Legislature amended A.R.S. § 38–296(A)[3] to provide that:

"[e]xcept during the final year of the term being served, no incumbent of a salaried elective office, whether holding by election or appointment may offer himself for nomination to election to any salaried local, state or federal office,"

and amended A.R.S. § 38–291 so that a political office will be deemed vacant upon a violation of § 38–296. *See* 1984 Session Laws, ch. 275, §§ 1–2.

■ Laos' violation of art. 22, § 18 resulted in his unlawful holding of his city council position. The state's quo warranto action was properly brought to force either his resignation or his removal from office. The trial court's judgment of ouster was therefore proper.

The Court of Appeals' opinion is approved in part and vacated in part. The trial court's judgment of ouster is affirmed effective the date of the mandate of this Court.

HOLOHAN, C.J., and HAYS and CAMERON, JJ., concur.

Note: Justice Stanley G. Feldman did not participate in the determination of this matter.

---

"In sum, we conclude Article 22, § 18 does not impose a fourth qualification on candidates for Congress because it does not prevent an elected state officeholder from running for federal office. Nor does it prohibit the filing for nomination to Congress by an elected state officeholder: The Arizona Secretary of State allowed Joyner to file for nomination for Congress. *It merely requires that Joyner resign or be removed from office if he wishes to 'offer himself for nomination or election' to Congress. It regulates the conduct of state officials by requiring those officeholders who run for other positions before the final year of their term to resign or be removed from their state office.*" *Id.* at 1531 (emphasis added). The sole issue before the Ninth Circuit in *Joyner* was the constitutionality of art. 22, § 18. Joyner and the state had agreed that, if the provision was constitutional, Joyner had an "obligation * * * to resign or be removed from his state position if he [ran] for federal office." *Id.* at 1526. If the Ninth Circuit did look to the merits of this agreement in considering Joyner's standing to bring his action, it did not acknowledge such investigation in its opinion. Thus, we do not consider *Joyner* as having held that art. 22, § 18 requires an officeholder's resignation prior to his or her running for a second office.

2. A.R.S. § 12–2042 grants similar authority to county attorneys acting within their counties.

3. Prior to its amendment A.R.S. § 38–296 provided that no incumbent was eligible for nomination or election to another office and that nomination papers from an incumbent for another office could not be accepted. In *State ex rel. Pickrell v. Senner*, 92 Ariz. 243, 375 P.2d 728 (1962), we held that this "resign to qualify to run" provision could not apply to incumbents running for federal office without violating art. I, § 2, cl. 2 of the United States Constitution. Therefore, as it existed at the time art. 22, § 18 was adopted and at the time the quo warranto action was brought against Laos, § 38–296 could not have been the basis of the state's action.