831 P.2d 1297

S.A., Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Rufus C. Coulter, a judge thereof, Richard M. Romley, Maricopa County Attorney, and Laura Reckart, Deputy Maricopa County Attorney, Respondents,

Atwell BEATTY, Real Party in Interest.

No. 1 CA–SA 91–265.

Court of Appeals of Arizona, Division 1, Department A.

June 2, 1992.

C. Kenneth Ray II, P.C. by C. Kenneth Ray II, Phoenix, for petitioner.

Richard M. Romley, Maricopa County Atty. by Jessica Gifford Funkhouser, Janet McNaughton Keating, Deputy County Attys., Phoenix, for respondents.

## OPINION

EHRLICH, Presiding Judge.

S.A. ("petitioner")[1] was arrested following her refusal to honor a subpoena requiring her to testify at a criminal proceeding against Atwell Beatty. Her refusal was based upon her understanding of the Victims' Bill of Rights. The trial court ordered her to testify and she filed a petition for special action. We accepted jurisdiction and denied relief with this opinion to follow.

## FACTS AND PROCEDURAL HISTORY

The petitioner is alleged to be a victim of criminal offenses perpetrated by Beatty. At the direction of the prosecution, she was served a subpoena directing her to testify at Beatty's criminal trial.[2] On the day she

1. In the interests of the victim's privacy, the petitioner's name has been abbreviated.

2. The criminal trial was originally scheduled for September 16, 1991, and was continued three times to November 20, 1991. A subpoena was issued which required the petitioner's attendance at trial on September 16, 1991, but was not served. A second subpoena, the subject of this special action, was served on September 23, 1991.

was to appear, the petitioner telephoned the prosecutor and informed counsel that she would not attend. When the petitioner in fact did not appear, the trial court issued a warrant for her arrest. The following day, the petitioner was arrested and brought before the court. She argued that, as a victim entitled to protection under the Victims' Bill of Rights, she could not be compelled to testify at Beatty's trial. The court ruled to the contrary.

The petitioner originally asserted that the respondents violated her rights under the Victims' Bill of Rights by issuing and executing a warrant for her arrest and by commanding her appearance at a criminal trial against her wishes. However, the issue was refined to be whether the Victims' Bill of Rights permits a victim to refuse to testify at an accused's criminal trial.

## DISCUSSION

### A. Special Action Jurisdiction

■ We accepted special action jurisdiction because the issue requires us to interpret a portion of a constitutional amendment, see *Escalanti v. Superior Court*, 165 Ariz. 385, 386, 799 P.2d 5, 6 (App.1990), and is of statewide significance, *Duquette v. Superior Court*, 161 Ariz. 269, 271, 778 P.2d 634, 636 (App.1989); *City of Phoenix v. Superior Court*, 158 Ariz. 214, 216, 762 P.2d 128, 130 (App.1988), appropriately framed and turning on legal principles rather than factual determinations. *University of Arizona Health Sciences Center v. Superior Court*, 136 Ariz. 579, 581, 667 P.2d 1294, 1296 (1983); *see also State v. Warner*, 168 Ariz. 261, 262, 812 P.2d 1079, 1080 (App.1990). Further, as the respondents concede, the petitioner lacks an appellate remedy. *See Bechtel v. Rose*, 150 Ariz. 68, 71, 722 P.2d 236, 239 (1986); Ariz. R.P. Special Actions 1(a).

### B. Victim's Refusal to Testify at Trial

■ Article 2 of the Arizona Constitution was amended in 1990 by the addition of section 2.1.[3] The amendment is commonly referred to as the Victims' Bill of Rights and provides in relevant part:

(A) To preserve and protect victims' rights to justice and due process, a victim of crime has a right:

\*　　\*　　\*　　\*　　\*　　\*

5. To refuse an interview, deposition, or other discovery request by the defendant, the defendant's attorney, or other person acting on behalf of the defendant.

The amendment defines "victim" as "a person against whom the criminal offense has been committed." Ariz. Const. art. II, § 2.1(C).

An established rule of constitutional construction instructs us to follow the constitution's text and the framers' intent, if it can be determined. *E.g., Fain Land & Cattle Company v. Hassell*, 163 Ariz. 587, 595, 790 P.2d 242, 250 (1990). Specifically, we are directed to "follow and apply the plain language of" the Victims' Bill of Rights. *Knapp v. Martone*, 170 Ariz. 237, 239, 823 P.2d 685, 687 (1992).

The text of the amendment clearly grants a victim the right to refuse certain discovery requests by the defense, such as interviews and depositions. Ariz. Const. art. II, § 2.1(A)(5); *see* Ariz.R.Crim.P. 39 (includes victim's right to refuse to be interviewed or deposed under certain situations); *Day v. Superior Court*, 170 Ariz. 215, 217, 823 P.2d 82, 84 (App.1991) (same); *Warner*, 168 Ariz. at 264, 812 P.2d at 1082 (same); *see also State v. Superior Court (Roper)*, no. 1 CA–SA 92–0004, (Ariz.Ct. App., May 18, 1992), slip op. at 10 (victim may refuse to make available victim's medical records in certain circumstances); *State v. O'Neil*, 101 Ariz.Adv.Rep. 104, 105 (App.,

---

**3.** The amendment, Proposition 104, was approved by a majority of Arizona voters at a special election on November 6, 1990, and pro-claimed by the governor on November 27, 1990. *See* Ariz. Const. art IV, pt. 1, § 1(5).

Dec. 10, 1991) (state not required to record communications with witnesses and make them available to defense). However, neither the text of subsection (A)(5) nor of any other subsection of the amendment declares or even implies that a victim has a constitutional right to refuse to obey a court order to appear and testify at an accused's criminal trial. *See Warner*, 168 Ariz. at 264, 812 P.2d at 1082; Thomas B. Dixon, Comment, *Arizona Criminal Procedure After the Victims' Bill of Rights Amendment: Implications of a Victim's Absolute Right to Refuse a Defendant's Discovery Request*, 23 Ariz.St.L.J. 831, 842–43 (1991).

Examination of the publicity pamphlet to which Arizona courts repeatedly have referred in analyzing the drafters' intent and interpreting provisions of the Arizona Constitution, *e.g., Laos v. Arnold*, 141 Ariz. 46, 48, 685 P.2d 111, 113 (1984); *McElhaney Cattle Co. v. Smith*, 132 Ariz. 286, 290, 645 P.2d 801, 805 (1982); *County of Apache v. Southwest Lumber Mills, Inc.*, 92 Ariz. 323, 325, 376 P.2d 854, 855 (1962); *Bussanich v. Douglas*, 152 Ariz. 447, 450, 733 P.2d 644, 647 (App.1986), yields nothing to cloud the apparent meaning. The publicity pamphlet distributed to voters for the election included an analysis of the proposed amendment by the legislative council in compliance with Ariz.Rev.Stat.Ann. section ("A.R.S. §") 19–124, but it only reiterated the specific rights to which a victim would be entitled. Nothing in the pamphlet, including the letters in its favor from members of the Victims' Bill of Rights Task Force, indicates that the amendment, if approved, would permit a victim to refuse to testify at an accused's criminal trial. We cannot glean any intent of the drafters that such resistance was envisioned.

■ Indeed, given that the victim also may be a complaining witness who has made accusatory statements, were such a refusal allowed by the Victims' Bill of Rights, a defendant's rights under the United States and Arizona Constitutions would be jeopardized. The Confrontation Clause of the Sixth Amendment to the United States Constitution, extended to state prosecutions through the Due Process Clause of the Fourteenth Amendment, *Pointer v. Texas*, 380 U.S. 400, 403, 85 S.Ct. 1065, 1067–68, 13 L.Ed.2d 923 (1965); *State ex rel. Collins v. Superior Court*, 132 Ariz. 180, 187, 644 P.2d 1266, 1273 (1982), guarantees a defendant the right to confront the witnesses against him. The Arizona Constitution is to a similar effect: "In criminal prosecutions, the accused shall have the right ... to meet the witnesses against him face to face, ..." Ariz. Const. art. II, § 24; *see State v. Edwards*, 136 Ariz. 177, 180, 665 P.2d 59, 62 (1983); *see also* A.R.S. § 13–114(3) (defendant's right to confront adverse witnesses at trial). The protection afforded a defendant by the Confrontation Clause is a trial right which usually is satisfied if the defendant is permitted sufficient latitude in the cross-examination of witnesses at trial. *Pennsylvania v. Ritchie*, 480 U.S. 39, 52–53, 107 S.Ct. 989, 998–99, 94 L.Ed.2d 40 (1987). *See Delaware v. Van Arsdall*, 475 U.S. 673, 678, 106 S.Ct. 1431, 1435, 89 L.Ed.2d 674 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 315, 94 S.Ct. 1105, 1109–10, 39 L.Ed.2d 347 (1974)); *Roper*, slip op. at 15–18. In *Warner*, Division Two of this court recognized that "the substantive right involved [in subsection (A)(5) of the Victims' Bill of Rights] is the right to confront and cross-examine the witnesses against the [defendants], that is, the victims. The amendment does not affect that right, which can be fully exercised at trial...." 168 Ariz. at 263, 812 P.2d at 1082. Thus, if the petitioner were permitted under the Victims' Bill of Rights to refuse to testify at Beatty's trial, Beatty's constitutional rights would be compromised.

Additionally, society's interest in justice would be jeopardized if we were to uphold the petitioner's position. Just as in *Roper*, in which case it was said that the Victims'

Bill of Rights "should not be a sword in the hands of victims to thwart a defendant's ability to effectively present a legitimate defense," slip op. at 18, the Victims' Bill of Rights should not be a "sword in the hands of victims" to thwart the prosecution of a wrongdoer. In this case, the petitioner is the critical, and perhaps only, witness. By refusing to testify, perhaps by having succumbed to pressure from the accused's family, she has attempted to usurp the discretion given to the prosecution and to the grand jury in their charging decisions. This is beyond the appropriate protection given to victims of crimes by the constitutional amendment.

For the foregoing reasons, we accept special action jurisdiction and deny the relief requested by the petitioner.

CONTRERAS and VOSS, JJ., concur.