NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellant*,

*v.*

RICHARD BACA, *Appellee*.

No. 1 CA-CR 14-0691
FILED 7-9-2015

Appeal from the Superior Court in Navajo County
No. S0900CR201200484
The Honorable Robert J. Higgins, Judge

**AFFIRMED**

COUNSEL

Navajo County Attorney, Holbrook
By Neill Perry
*Counsel for Appellant*

Emery K. La Barge, Attorney at Law, Snowflake
By Emery K. La Barge
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Maurice Portley and Judge John C. Gemmill joined.

_____

**B R O W N**, Judge:

¶1 On behalf of the victim, the State challenges the portion of the trial court's sentencing order determining that defendant Richard Baca was not required to register as a sex offender. The State argues the court violated the victim's constitutional right to be heard at sentencing by declining to consider a statement made to the presentence report writer by the victim's representatives. Because the court acted within its discretion when it determined that the "victim's statement" was not relevant to the issue of sex offender registration, we affirm.

**BACKGROUND**

¶2 In June 2012, Baca was indicted on one count of sexual assault, one count of attempted sexual assault, and one count of kidnapping arising out of his sexual assault and physical abuse of the victim. The case first went to trial before a jury in October 2013, but ended in a mistrial. A second jury trial, held in December 2013, ended in a hung jury. The victim testified at both trials.

¶3 In April 2014, Baca entered a plea agreement, under which he pled guilty to kidnapping, with a stipulated ten-year term of incarceration. The plea agreement also provided that the trial court would have discretion to order Baca to register as a sex offender under Arizona Revised Statutes ("A.R.S.") section 13-118, which permits a prosecutor to file, in a criminal case involving an offense other than a sexual offense, a special allegation of sexual motivation.

¶4 At the sentencing hearing in May, 2014, discussion occurred regarding a two-page "victim's statement" attached to the presentence report, which was prepared by the presentence report writer, apparently based on a discussion with the victim's mother ("Mother"). In the statement, Mother indicated at the outset "she would like to make sure [Baca] is registered as a sex offender" because the victim "suffered severely." A significant portion of the statement is devoted to Mother's

expressions of extreme animosity and threats of litigation towards the judge in a previous case who, according to Mother, quashed a warrant, allowing Baca to avoid arrest for a probation violation. Mother went on to explain that her family continues to feel threatened by Baca and reiterated that "we just want to make sure [Baca] is labeled as a sex offender for the rest of his life[.]" Defense counsel objected to the inclusion of the statement, asking the trial court "to determine whether or not that statement is appropriate from a victim representative" and "to determine as a matter of law whether that statement can be considered by the Court in sentencing." In response, the prosecutor stated that although Mother "may not meet the definition of victim representative . . . you have wide discretion at the time of sentencing to take other facts into consideration." The court then indicated it would rule on the objection later, and reset the sentencing until September 2014, to allow for a psychosexual evaluation of Baca, pursuant to Arizona Rules of Criminal Procedure ("Rule") 26.5.

¶5 Shortly thereafter, the State filed a motion indicating that "the victim has designated" her parents to speak and act on her behalf pursuant to A.R.S. § 13-4403(A), which allows a victim who is "physically or emotionally unable to exercise any right" to designate a lawful representative to exercise "the same rights that the victim is entitled to exercise."

¶6 At the September sentencing hearing, defense counsel again raised the issue of whether Mother was properly designated as victim's lawful representative. Defense counsel argued "[t]here is nothing about the victim that has been demonstrated in any way, given the fact that she's testified twice here without any indication of disability" or infirmity. The trial judge responded: "[T]hat's not going to be part of my deliberation on this sentence." When asked to clarify whether the court was referring to the statement made by Mother, the judge affirmed that he read it but explained he did not "think those statements are that relevant or helpful" to decide whether Baca should register as a sex offender. After considering the psychosexual report and hearing arguments from counsel, the trial court determined it would not order Baca to register as a sex offender because Baca's "sexually assaultive behavior is contained within this relationship [with victim]" and his criminal history did not include any

other instances of sexual offenses.  The State timely appealed and we have jurisdiction pursuant to A.R.S. § 13-4032(4).[1]

## DISCUSSION

**¶7**          A crime victim in Arizona has the constitutional right to "be heard at any proceeding involving a post-arrest release decision, a negotiated plea, and sentencing."  Ariz. Const. art. 2, § 2.1(A)(4).  A victim also has the statutory right to "present evidence, information and opinions" concerning the sentence at a sentencing proceeding, A.R.S. § 13-4426(A), and to submit oral or written impact statements to a defendant's probation officer for the officer's use in preparing a presentence report.  A.R.S. § 13-4424(A).  If the victim is "physically or emotionally unable to exercise" his or her rights, he or she may designate a "lawful representative" to exercise the same rights the victim is entitled to exercise.  A.R.S. § 13-4403. [2]

[1]          Arizona law provides that upon "the request of the victim, the prosecutor may assert any right to which the victim is entitled."  A.R.S. § 13-4437(C).  However, the State may take an appeal from a post-judgment order affecting the substantial rights of the victim only if the victim so requests.  A.R.S. § 13-4032(4).  Rule 31.2(d) states that "[i]f the appeal or cross-appeal is taken by the state, in whole or in part, based upon violation of a substantial right of the victim, the attorney for the state shall so state in the notice of appeal or opening brief or memorandum and shall certify that the victim has requested the appeal or cross-appeal, in whole or in part, on that basis."  In its notice of appeal, the State certified that the victim had requested the appeal, but the State's briefing indicates the victim's lawful representative requested the State to appeal the sentencing.  Nothing in the record before us shows that the trial court resolved Baca's objection that there was no lawful representative for the victim.  *Cf. P.M. v. Gould*, 212 Ariz. 541, 545 (2006) (finding that mother had standing to raise an appeal on behalf of the victim, her minor daughter, because "trial court found and entered into the record" that petitioner had standing to invoke the victim's rights under the victim's bill of rights, A.R.S. § 13-4437(A) and Rule 39(C)(4)).  Nonetheless, because the State has expressly certified that the victim requested the appeal, we have jurisdiction to consider it.

[2]          Baca argues on appeal that Mother was not properly designated as the victim's representative and therefore had no "right" to be heard on behalf of the victim.  Because we conclude that the trial court did consider Mother's presentence statement and acted within its discretion in weighing

**¶8**      The State argues the trial court refused to consider the victim's statement, made through her representative, and thus violated the victim's constitutional right to be heard at sentencing. The State further contends the court "rewrote the law" by declining to consider the statement because neither A.R.S. § 13-4424(A), § 13-4426(A), nor Article 2, Section 2.1(A), of the Arizona Constitution require a victim's statement admitted at sentencing to be relevant or helpful.

**¶9**      The State does not argue, and the record does not indicate, that either the victim or Mother sought to appear or be heard in person at either of the sentencing hearings. The State's only argument on appeal is that the trial court denied the victim her right to be heard, through a lawful representative, in the form of a presentence victim impact statement pursuant to A.R.S § 13-4426(A). However, the record indicates that Mother was given the opportunity to make a statement on behalf of victim, and that her statement was included in the presentence report. The record further reflects that the trial judge received and read the portion of the presentence report containing Mother's statement, but ultimately concluded he would not consider it any further because he decided it was not "relevant or helpful."

**¶10**      A sentencing judge may "exercise wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within the limits fixed by law." *State v. Schlarp*, 25 Ariz. App. 85, 87 (1975). Neither A.R.S. § 13-4426(A) nor Article 2, Section 2.1(A), of the Arizona Constitution guarantee a crime victim any particular result at trial or sentencing; instead, they ensure the victim will be given an opportunity to be heard. The trial court received Mother's statement and considered it, but the court acted within its discretion in declining to attach significance to Mother's statement on the basis of relevance and did not violate A.R.S. § 13-4426(A) or Article 2, Section 2.1(A) of the Arizona Constitution by doing so.[3]

---

the relevance and helpfulness of the content of Mother's statement, we need not decide whether Mother was properly designated as the victim's lawful representative under A.R.S. § 13-4403(A).

[3]      As provided in A.R.S. § 13-701(G): "The court in imposing a sentence shall consider the evidence and opinions presented by the victim or the victim's immediate family at any aggravation or mitigation proceeding or in the presentence report." The State did not argue in the trial court, nor

**¶11** The State further argues that even if a victim's statement includes a relevancy requirement, the court abused its discretion in determining that Mother's statement was not relevant because the statement expressly recommended that Baca be required to register.

**¶12** As the trial court noted, it reviewed the information presented at sentencing "looking for any deviant kind of behavior, pedophile behavior, or tendency to commit sex crimes." Mother's statement, although it did ask the court to order Baca to register as a sex offender, largely focused on Mother's grievances with the justice system in Navajo County. Mother asserted that the victim and the victim's family were fearful of Baca, based on his violent behavior, and that his family had been taunting or threating the victim throughout the trial process. Mother's statement did not include any information addressing Baca's tendency to commit sex crimes. Based on the content of Mother's statement and the record, the court did not abuse its discretion in determining that the statement was not relevant or helpful to the precise issue before the court at the sentencing hearing – whether to require Baca to register as a sex offender.

## CONCLUSION

**¶13** The trial court's sentencing order is affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama

---

has it argued on appeal, that this statute applies to Mother's statement. Waiver aside, we conclude the court complied with A.R.S. § 13-701(G) because it considered Mother's statement before determining that the statement was not relevant or helpful to the question of sex offender registration.